| STATE OF NORTH CAROLINA | File No. 22CV-08970 |
|---|---|
| WAKE County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| EMELIA COWANS-TAYLOR | **CIVIL SUMMONS** |
| Address | ☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| 4040 WESTER RD. | |
| City, State, Zip | |
| RALEIGH, NC 27604 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| CAPITOL BROADCASTING COMPANY, INC | July 19, 2022 |
| JOEL DAVIS, in his capcity as Vice-President | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Capitol Broadcasting Company, Inc.<br>c/o Jennifer Venable<br>2619 Western Blvd<br>Raleigh NC 27606 | Joel Davis, Vice-President<br>P.O. Box<br>Raleigh NC 27605 |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Courtney Fauntleroy, Attorney at Law, PLLC<br>3948 Browning Place<br>Suite 344<br>Raleigh NC 27609 | 7/19/22 | 3 ☐ AM ☒ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | | File No. 2CV008970 |
|---|---|---|
| WAKE County | | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| EMELIA COWANS-TAYLOR |
| Address |
| 4040 WESTER RD. |
| City, State, Zip |
| RALEIGH, NC 27604 |

**CIVIL SUMMONS**
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| CAPITOL BROADCASTING COMPANY, INC<br>JOEL DAVIS, in his capcity as Vice-President | July 19, 2022 |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Capitol Broadcasting Company, Inc.<br>c/o Jennifer Venable<br>2619 Western Blvd<br>Raleigh  NC  27606 | Joel Davis, Vice-President<br>P.O. Box<br>Raleigh  NC  27605 |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Courtney Fauntleroy, Attorney at Law, PLLC<br>3948 Browning Place<br>Suite 344<br>Raleigh  NC  27609 | 7/19/22 | 3  ☐ AM  ☒ PM |
| | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time  ☐ AM  ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | |
|---|---|
| NORTH CAROLINA<br>WAKE COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>FILE NO.: |

EMELIA COWANS-TAYLOR,
)
Plaintiff, )    COMPLAINT:
)    Employment Discrimination,
CAPITOL BROADCASTING COMPANY )    Defamation, Wrongful
Inc., )    Termination, State Civil Rights
Dba WRAL-TV, )    Violation
JOEL DAVIS, in his capacity as )
General Manager of WRAL-TV )
Defendants. )
--------------------------------------/

## Introduction

This is a Complaint for damages resulting from the illegal discriminatory treatment of Plaintiff Emelia Cowans-Taylor by defendants Capitol Broadcasting Company, Inc. (dba as and herein after WRAL-TV), and Joel Davis in his capacity as general manager of WRAL-TV at all times relevant to this complaint. Mrs. Cowans-Taylor was treated differently than her coworkers in violation of her federal and state constitutional rights when she was fired after testing positive for Covid-19 in the early days of the Covid-19 pandemic. Mrs. Cowans-Taylor is an African-American female, and based on information and belief there were Caucasian employees of Capitol Broadcasting Company, Inc. (WRAL-TV) who later tested positive who were not terminated. Mrs. Cowans-Taylor was retaliated against after she had previously filed complaints within Capitol Broadcasting Company, Inc. (WRAL-TV) based a previous payment discrepancy. Mrs. Cowans-Taylor was also defamed by defendant Joel Davis who claimed that she intentionally came to WRAL-TV with Covid-19 to place her co-workers and others in danger which was a reckless and false statement.

## Jurisdiction

1. This Court has jurisdiction over the parties and subject matter of this Civil Action pursuant to its general grant of authority in Article IV of the North Carolina Constitution and pursuant to N.C.G.S. §7A-3.

2. The Plaintiff timely filed a complaint with the U.S. Equal Employment Opportunity Commission and was given her Notice of Right to Sue dated April 27, 2022.

3. The Plaintiff's right to sue has not expired at the time of the filing of this complaint.

4. Venue properly resides in this Court.

## Plaintiff

5. At all times relevant to this Complaint Plaintiff was a resident of Raleigh, in Wake County, North Carolina.

6. Plaintiff Emelia Cowans-Taylor is a Black, female citizen of the U.S. and was at all times relevant to this complaint a citizen of N.C.

## Defendants

7. Defendant Capitol Broadcasting Company, Inc. is a duly registered North Carolina Corporation with a corporate headquarters in Raleigh, North Carolina and operating WRAL-TV station in Raleigh, North Carolina.

8. Based on information and belief, defendant Joel Davis was at all times relevant to this complaint an employee of defendants Capitol Broadcasting Company, Inc., serving as Vice-President and a supervisory

authority of Plaintiff through his role as general manager at all times relevant to this complaint.

## Statement of Facts

9. Plaintiff Emelia Cowans-Taylor was employed by WRAL-TV from 2008 until her unlawful discharge on or about August 7, 2020.

10. On or about August 5, 2020 Plaintiff Emelia Cowans-Taylor called her supervisor Don Ursich (the Local Production Manager) and informed him that she had tested positive for COVID-19.

11. Plaintiff Mrs. Cowans-Taylor had traveled prior to her positive test but was not aware that she might have contracted COVID-19.

12. Plaintiff Cowans-Taylor decided to get tested upon her return in conjunction with her husband (who had remained in Raleigh, NC) who was feeling under the weather while Plaintiff was out of town.

13. Plaintiff Cowans-Taylor's husband was in Raleigh, NC while she was out of town. Mrs. Cowans-Taylor never knowingly came WRAL-TV studios believing she had COVID-19.

14. Plaintiff Mrs. Cowans-Taylor never told any supervisor that she believed she had COVID-19 prior to her positive test, nor did she ever say that she felt any of the symptoms of COVID-19 prior to her test.

15. Plaintiff Mrs. Cowans-Taylor was terminated in part as retaliation for a prior incident and claim she had made against WRAL-TV in 2019.

16. Plaintiff Mrs. Emelia Cowans-Taylor moved to Raleigh 21 years ago to work for WRAL.

17. Plaintiff was a thirteen-year on air host for the NC Education Lottery.On Thursday, January 24, 2019 at WRAL- studios.

18. At the time, Plaintiff was the direct report of Phyllis Parrish, who has since retired from WRAL. Except for this missed rehearsal, Ms. Cowans-Taylor had never received any disciplinary action nor negative performance review during her entire employment tenure up to that time.

19. Ms. Parrish emailed Mrs. Cowans-Taylor a tersely worded email about missing the rehearsal that was draconian when considered in full totality of Mrs. Cowans-Taylor's impeccable and long-standing employment history.

20. To compound the draconian nature of the response from Ms. Parrish, she publicly shamed and maligned Ms. Cowans- Taylor by copying all her colleagues on the initial reprimand email.

21. Ms. Parrish punished Ms. Cowans-Taylor by taking her off the air for a month, resulting in over $500 in lost wages.

22. Plaintiff Mrs. Cowans-Taylor filed a claim that she was being treated unfairly.

23. Subsequent to Plaintiff making that claim she was then wrongfully terminated by Joel Davis on August 6, 2020.

24. Plaintiff Mrs. Cowans-Taylor was then used as the negative subject of an email sent to the entire WRAL-TV staff regarding policies which she had not been made aware of concerning COVID-19.

25. Plaintiff Cowans-Taylor's health status was broadcast (published) via email to WRAL-TV employees and contractors.

26. On August 5th, 2020 Mrs. Cowans-Taylor responded to questions from Don Ursich in the following copied email:

> "On Aug 5, 2020, at 3:26 PM, Ursich, Don <dursich@wral.com> wrote:
>
> Our COVID response team has a few questions:
>
> Was it you that was not feeling well or it someone else that prompted the test? (Wanting to know if you were symptomatic)
>
> While I was out of town last week in Indiana, my nephew wasn't feeling well. The next day, I felt a little run down but after a day of Benadryl I felt fine. My husband, who was here in Raleigh, told me while I gone that he felt feverish but after a day in the bed he felt fine. I flew back Sunday, did the lottery draw Sunday night. Monday, I felt tired and rundown again so I switched with Tina (Monday for Tuesday) and after a day of resting, I felt fine and still do today. Took temp each night at station and been monitoring at home. No fever. I still have my sense of taste and smell, just a headache. Jay and I both decided to get tested Monday because we wanted to be sure. We are both positive.
>
> Can you confirm where all you might have been. I would include Sunday in the mix?
>
> (News coffee area, )dressing room...)
>
> Sunday and Tuesday, I came in the front door, in my mask, didn't pass by anyone, went straight to the dressing room, then the studio, then back to the dressing room to collect my things and back out the front door. During the lottery draw, everyone was masked except for me. After the draw I put my mask back on. Debra Morgan came into the dressing room last night while I was in there. My mask was on the entire time until after she left. Then I put my makeup on. I've sent Debra an email.
>
> What entrance did you come in through? Did you receive a temperature check?
>
> Front door, yes both days. No fever.

Don Ursich
Local Production Manager
WRAL-TV/WRAZ-TV
419-345-5326"

Joel Davis sent this email to all WRALTV users (as well as WRAZTV users) on August 6:

**From:** Davis, Joel
**Sent:** Thursday, August 6, 2020 10:54 AM
**To:** WRALTV - All Users; WRAZTV - All Users
**Subject:** COVID Concerns

Everyone:

It is absolutely critical during this time of COVID-19 that you do not come to work if you're feeling ill. We recently had someone do that, and they then tested positive for COVID. Fortunately, they were wearing a mask and had minimal contact with other staff. Be assured anyone in contact with this individual has already been notified, and we're following health department guidance on how to handle so no one else is put at risk.

I have stated it several times. Please, do not come to work if you are feeling ill, or have reasonable suspicion you have been exposed. It is too risky for you, and all your co-workers. I honestly was stunned to learn of this situation after all the precautions we have taken. We need to watch out for each other.

**Also, remember it is mandatory to wear a mask in the building unless you are on set, eating, or in a private office. Failure to do so will result in disciplinary action, up to and including suspension and/or termination.**

See me with any questions. As a reminder, here is the latest CDC list of symptoms:

People with COVID-19 have had a wide range of symptoms reported – ranging from mild symptoms to severe illness. Symptoms may appear 2-14 days after exposure to the virus. People with these symptoms may have COVID-19:

- Fever or chills
- Cough

- Fatigue
- Muscle or body aches
- Headache
- New loss of taste or smell
- Sore throat
- Congestion or runny nose
- Nausea or vomiting
- Diarrhea

      Joel Davis
      Vice President & General Manager
      2619 Western Boulevard
      Raleigh, North Carolina 27606
      919-821-8510
      wral.com"

27. Nowhere in her responses to Mrs. Cowans-Taylor state that she came to work while feeling ill. She specifically stated that she felt fine after a day of rest.

28. Plaintiff Cowans-Taylor was often treated as if she was a full time W-2 employee.

29. Plaintiff Cowans-Taylor did not always receive the communication that was sent to other full time employees in her position as a NC Lottery Host.

30. The period of time when Mrs. Cowans-Taylor contracted COVID-19 included an ever-evolving set of guidelines from WRAL not all of which were directly communicated to Mrs. Cowans-Taylor.

31. Plaintiff was singled out due to her race (African American) and gender (female) as no other member of Plaintiff's place of employment (WRAL-TV) was subject to this same action.

32. The emotional and professional toll from the public shaming Mrs. Cowans-Taylor took because of her being falsely accused of knowingly

coming to work with COVID-19 and her resulting wrongful discharge is incalculable.

33. Plaintiff raised her concerns with Joel Davis immediately upon learning of the decision.

34. Plaintiff's termination in the absence of similar treatment of Caucasian employees who tested positive for Covid-19 and came to the WRAL-TV studios demonstrates that there was a disparity in management practice.

35. Specifically, based on information and belief, WRAL-TV traffic anchor Brian Schrader and photographer Chad Flowers (white males) both contracted Covid and exposed others while working for defendant without suffering any disciplinary action or being terminated.

36. Plaintiff filed an EEOC Complaint on February 3, 2021.

37. Plaintiff alleges that she was unfairly treated by defendants, and that she was forced to endure defamatory statements, correspondence, and personal comments because of her race (Black) and sex (female).

## Count I: Violation of Title VII of the Civil Rights Act of 1964, as amended.
### (Employment Discrimination)

38. Plaintiff refers to and incorporates by reference all the allegations contained in paragraphs 1 through 37.

39. Defendants intentionally singled out Plaintiff, Emelia Cowans-Taylor because she is Black and female.

40. Specifically, Plaintiff was terminated for coming to the WRAL-TV studios after contracting Covid despite no white co-worker, contractor, or employee receiving the same treatment.

41. Based on the illegal and discriminatory termination and retaliation by defendants, Plaintiff lost her position as a NC Lottery Host in violation of her civil rights.

42. Plaintiff is Black, female, and was fully qualified for the position in which she was working.

43. Plaintiff was denied the same work opportunities as her white co-workers after she filed a complaint.

44. Defendants violated Title VII of the Civil Rights Act, 1964, as amended, 42 U.S.C. § 2000e-2 by making holding Plaintiff (a Black woman) to a different standard after she contracted Covid in 2020 because she is Black and female.

45. Defendants also violated Plaintiff's rights under 42 U.S.C. § 2000e-2(a)(1) by initially failing to provide her with the same work opportunities as her white co-workers because she was Black and female.

## Count II: Defamation

46. Plaintiff refers to and incorporates by reference all the allegations contained in paragraphs 1 through 45.

47. Defendants engaged in defamation against the Plaintiff that was recklessly indifferent by publishing an email on August 5, 2020, and then accusing the Plaintiff of intentionally coming to work knowing that she was positive with Covid on August 7, 2020.

48. Defendant Joel Davis' statement accusing Mrs. Cowans-Taylor of blatantly disregarding the Covid policy was knowingly false.

49. Defendant Joel Davis both yelled loud enough for others to hear him and become aware of what he was saying in addition to sending an email company-wide to WRAL-TV.

50. Defendant Joel Davis's statements about Plaintiff and her coming to work knowing she had Covid were reckless and/or at the very least negligent.

51. Plaintiff Mrs. Cowans-Taylor suffered damage to her reputation as a result of the false accusations made by the defendants.

### Count III: Wrongful Termination

52. Plaintiff refers to and incorporates by reference all the allegations contained in paragraphs 1 through 51.

53. Plaintiff did not knowingly breach the Covid-19 policy of WRAL-TV.

54. Plaintiff was falsely and recklessly accused of coming to the studio knowing she had Covid-19.

55. Plaintiff was terminated by defendants based on this false accusation.

56. Plaintiff filed a complaint with the WRAL-TV in May of 2019 for unfair public reprimand and disciplinary action as well as subsequent financial loss.

57. Plaintiff's termination was illegally based on her prior complaint against WRAL-TV as well as illegally based on her race, African-American, and her sex female.

## Count IV: State Employment Law Violation

58. Plaintiff refers to and incorporates by reference all the allegations contained in paragraphs 1 through 57.

59. Defendants intentionally discriminated against Plaintiff because of her race and sex during when she was treated differently then her white, male coworkers in terms of her being terminated, and this was in violation of N.C.G.S. Sec. 143 Article 49A.

60. Specifically the termination by the Defendants of Plaintiff after her coming to work on August 5, 2020 because of her race and sex, when no white employees were terminated for the same or similar behavior violated North Carolina's prohibition on employment action that is discriminatory on account of race and/or sex.

61. Defendants denied Plaintiff employment opportunities in violation of N.C.G.S. §143-422.2.

WHEREFORE, Plaintiff prays the Court that she have and recovers from the Defendants the following damages:

1. Compensatory damages pursuant to proof for the loss of income due to Mrs. Cowans-Taylor's termination.

2. Consequential damages according to proof for the Plaintiff's for the period of unemployment caused by the defendants' discriminatory treatment of the Plaintiff.

3. Other damages based on unlawful discrimination against Plaintiff (including, but not limited to emotional distress, pain and suffering, and loss of enjoyment of life) according to proof.

4. A Public apology for the false accusations made against her.

5. That a jury tries all the issues.

6. Reasonable attorney's fees to be awarded by the court pursuant to 42 U.S.C. 1988.

7. The costs of this action.

8. Any other relief the Court may deem just and proper.

Respectfully submitted this the 19th day of July 2022.

*Courtney Fauntleroy*
Courtney Fauntleroy, Attorney for Plaintiff
3948 Browning Place, Suite 344
Raleigh, NC 27609
N.C. Bar # 27815
Phone: (919) 824-9911
Facsimile: (877) 650-4579
Email: CFauntleroy1993@yahoo.com

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
WAKE COUNTY  SUPERIOR COURT DIVISION
  22CVS

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Complaint was served upon the Defendants, by Certified U.S. Mail, postage paid.

Submitted this 19th day of July 2022.

           _/s/ Courtney Fauntleroy_
           Courtney Fauntleroy, Attorney for
           Plaintiff Emelia Cowans-Taylor
           3948 Browning Place, Suite 344
           Raleigh, NC 27609
           N.C. Bar # 27815
           Phone: (919) 824-9911
           Facsimile: (877) 650-4579
           Email: CFauntleroy1993@yahoo.com

Served:

Capitol Broadcasting Company, Inc.
c/o Jennifer B Venable
2619 Western Blvd.
Raleigh, NC 27606

Joel Davis, Vice-President
PO Box 12000
Raleigh NC 27605

STATE OF NORTH CAROLINA　　　IN THE GENERAL COURT OF JUSTICE
WAKE COUNTY　　　　　　　　　　SUPERIOR COURT DIVISION
　　　　　　　　　　　　　　　　　　22CVS

## VERIFICATION

**EMELIA COWANS-TAYLOR** being first duly sworn, deposes and says that she is the Plaintiff in the above-entitled action, that she has read the foregoing Complaint for Employment Discrimination, Defamation, Wrongful Termination, and State Civil Rights Violation, knows the contents thereof, that the same are true of her own knowledge except as to those matters and things stated upon information and belief, and as to those things stated upon information and belief, and as to those things, she believes them to be true.

_____
**Plaintiff/Emelia Cowans-Taylor**

SWORN TO AND SUBSCRIBED BEFORE
ME, A NOTARY PUBLIC, THIS THE
__19__ DAY OF __July__, 2022.

SARA JEAN BUNN
NOTARY PUBLIC
WAKE COUNTY, NC
MY COMMISSION EXPIRES SEPT. 15, 2023

My Commission expires: Sept 15, 2023

_____
NOTARY PUBLIC

(Seal)